**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. 3512 FOR 2703(d) ORDER FOR EIGHT ACCOUNTS SERVICED BY DROPBOX, INC. | ML No. 19-1199 |

*Reference:*   *DOJ Ref. # CRM-182-63767; Subject Accounts: chmielem@wp.pl, michal.chmielewski@hedkom.pl, mchmielem@gmail.com, me@chmielu.eu, mechmielu@icloud.com, michal@s-pro.com.pl, tomaszdurzalski@gmail.com, and jarektu@gazeta.pl*

**APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)**

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. §§ 2703(d) and 3512(a), and the Agreement between the United States of America and the Republic of Poland on the Application of the Treaty between the United States of America and the Republic of Poland on Mutual Legal Assistance in Criminal Matters signed 10 July 1996, pursuant to Article 3(2) of the Agreement on Mutual Legal Assistance Between the United States of America and the European Union signed at Washington 25 June 2003, Pol.-U.S., June 9, 2006, S. TREATY DOC. NO. 109-13 (2006) (hereinafter, the "Agreement"), to execute a request from the Republic of Poland ("Poland").  The proposed Order would require Dropbox, Inc. ("PROVIDER"), an electronic communication service and/or remote computing service provider located in San Francisco, California, to disclose certain records and other information pertaining to the PROVIDER accounts associated with the e-mail addresses chmielem@wp.pl, michal.chmielewski@hedkom.pl, mchmielem@gmail.com, me@chmielu.eu, mechmielu@icloud.com, michal@s-pro.com.pl, tomaszdurzalski@gmail.com, and

jarektu@gazeta.pl, as set forth in Part I of Attachment A to the proposed Order, within ten days of receipt of the Order. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

## LEGAL BACKGROUND AND JURISDICTION

1.      PROVIDER is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require PROVIDER to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2.      Pursuant to the applicable treaty, this Court has jurisdiction to issue the proposed Order. *See* Agreement Annex art. 5(1) (authorizing courts to issue orders necessary to execute the request). In addition, this Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically, the Court "is acting on a request for foreign assistance pursuant to [18 U.S.C.] section 3512." 18 U.S.C. § 2711(3)(A)(iii); *see also* 18 U.S.C. § 3512(a)(2)(B) (court may issue "a warrant or order for contents of stored wire or electronic communications or for records related thereto, as provided under section 2703"); 18 U.S.C. § 3512(c)(3) ("application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia").

3.      Section 3512 provides:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding

forfeiture, sentencing, and restitution.

18 U.S.C. § 3512(a)(1).  This application to execute Poland's request has been duly authorized by an appropriate official of the Department of Justice, through the Criminal Division, Office of International Affairs,[1] which has authorized execution of the request and has delegated the undersigned to file this application.  The undersigned has reviewed the request and has confirmed that it was submitted by authorities in Poland in connection with a criminal investigation and/or prosecution.

4. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought, are relevant and material to an ongoing criminal investigation."  18 U.S.C. § 2703(d).  Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## RELEVANT FACTS

5. Authorities in Poland are investigating Dariusz Hepert, Jarosław Turski, Michał Chmielewski, Tomasz Durzalski, and Paweł Patulski for abuse of public authority and money laundering offenses, which occurred between approximately 2013 and 2016, in violation of the criminal law of Poland, specifically, Articles 258, 284, 296 and 299 of the Criminal Code of Poland.  A copy of the applicable laws is appended to this application.  The United States,

---

[1] The Attorney General, through regulations and Department of Justice directives, has delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters.  *See* 28 C.F.R. §§ 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

through the Office of International Affairs, received a request from Poland to provide the requested records to assist in the criminal investigation and/or prosecution. Under the Agreement, the United States is obligated to render assistance in response to the request.

**The Hedkom Scheme**

6.     According to authorities in Poland, between approximately 2013 and 2016, the Court of Appeals in Kraków ("the Court") contracted with a company called Hedkom, owned in part by Dariusz Hepert ("Hepert"), to perform work relating to service support and installation of IT systems for the Court. Despite Hedkom completing the work in fulfillment of its contract, Hepert, along with his partners Jarosław Turski ("Turski") and Michał Chmielewski ("Chmielewski"), and a subcontractor, Tomasz Durzalski ("Durzalski"), (collectively, the "Hedkom Group"), conspired with top officials in the Court to have other companies under the Hedkom Group's control, such as S-PRO Spotlka, IT & Inwest, Pidiko, JMD Tech, and Teora (the "companies") enter into fictitious contracts with the Court for the same work that the Court had already contracted with Hedkom to complete, or for work already within the normal duties of existing Court employees.

7. In an effort to make the fictitious contracts look legitimate, the Director and Chief Accountant of the Court often instructed the companies to assign the contracted tasks to certain Court employees (the "designated employees") who would allegedly complete the contracted work during their off-duty hours. Although the designated employees were paid for the alleged extra work, the designated employees did not perform any extra work. The companies then issued fictitious invoices to the Court for work that had already been completed by Hedkom, or otherwise performed by Court employees within the normal course of their employment with the Court. In sum, the Court made payments in excess of PLN 30,000,000 (approximately USD 8.25 million) in fictitious invoices for work never performed or duplicative work actually performed by others.

8. Further, the Polish authorities believe that the companies did not actually carry out any regular business function, but existed solely for the purpose of carrying out this fraud scheme. For example, when registering the company, JMD Tech provided a false address for their company headquarters. Polish authorities determined that the address provided by JMD Tech is located within a residential apartment building and the tenant confirmed that a company did not operate out of that location. As a further example, while the company Teora was registered on September 23, 2014, only three days later Teora issued three invoices for services allegedly provided to the Court. Documents provided to the Polish investigation by Turski regarding Teora demonstrate that from 2014 to 2015, Teora entered into approximately 107 fictitious contracts for services allegedly provided to the Court. However, the Court has no documentation to demonstrate that any work was performed by Teora.

**Use of PROVIDER's services by the Hedkom Group**

9. In a statement, Hepert informed Polish authorities that members of the Hedkom

Group created and used several Dropbox accounts with PROVIDER on or about January 1, 2015, and stored many of the documents related to the fraud scheme in their respective PROVIDER accounts, including, but not limited to, management and organizational materials for the companies, value added tax ("VAT") invoices for the Court, VAT schedules, records of concluded contracts with the Court, and gift expenditures for members of the Court.

10.     Polish authorities determined that Hepert used PROVIDER services using the e-mail account dariusz.hepert@gmail.com. Polish authorities do not have Hepert in pretrial detention and consequently believe he has had the ability to access and modify the PROVIDER account linked to his e-mail account dariusz.hepert@gmail.com from, at least, January 1, 2015 through and including March 25, 2018.

11.     According to Polish authorities, Chmielewski also used PROVIDER's services from, at least, January 1, 2015 to February 24, 2017. As of August 6, 2018, Chmielewski remains in pretrial detention and has refused to provide access to any PROVIDER account(s), stating that he does not remember the username(s) and password(s). However, in a statement to authorities, he indicated that Hepert and other third parties still at large may continue to have unlimited access to his PROVIDER account(s).

**PROVIDER Accounts associated with Hepert, Chmielewski, and Patulski**

12.     Pursuant to an Order this Court issued pursuant to 18 U.S.C. §2703(d) on December 7, 2018 (the "December 7, 2018 Order),[2] Polish authorities obtained records from PROVIDER for the Dropbox accounts associated with the following suspects' respective e-mail accounts: dariusz.hepert@gmail.com (associated with Hepert), pawel.patulski@op.pl (associated with Patulski), and m.chmielewski@10101.pl (associated with Chmielewski). A review of the

---

[2] *In Re Application of USA Pursuant to 18 U.S.C. 3512 for 2703(d) Order for Five Dropbox Accounts Serviced by Dropbox, Inc.*, 18-ml-864 (D.D.C. Dec. 7, 2018).

records provided by PROVIDER in response to the December 7, 2018 Order indicates the following:

- Hepert opened a PROVIDER account on January 9, 2014, registered to "Dariusz Hepert," and associated with the e-mail account dariusz.hepert@gmail.com. Hepert or others with access to this account used it from, at least, January 1, 2015, to and including March 2, 2018 to upload, deleted, alter or edit files. The account was also accessed, at least, as recently as December 7, 2018.

- Patulski opened a PROVIDER account on June 20, 2016, registered to "Paweł Patulski," and associated with the e-mail account pawel.patulski@op.pl. Patulski or others with access to this account used it from, at least, June 20, 2016, to and including January 22, 2017 to upload, delete, alter or edit files as well as add, remove, and share files and/or folders. The account was also accessed, at least, as recently as April 25, 2018.

- Chmielewski opened a PROVIDER account also on June 20, 2016, registered to "Michał Chmielewski," and associated with the e-mail account m.chmielewski@10101.pl. Chmielewski or others with access to this account used it to, at least, share one file or folder to the account the same day the account was opened.

13.     Upon receipt of the above records from PROVIDER, Polish authorities took further investigative steps, including by obtaining additional statements from Hepert and Chmielewski. According to the additional statements made by Hepert, Chmielewski also used the following e-mail addresses as identifiers to sign into PROVIDER's services to communicate with him and others: **chmielem@wp.pl, michal.chmielewski@hedkom.pl, mchmielem@gmail.com, me@chmielu.eu, mechmielu@icloud.com,** and **michal@s-pro.com.pl**. Chmielewski admitted to Polish authorities that he used the e-mail account

**chmielem@wp.pl** to access PROVIDER's services.

14.     Considering the known account activities of the PROVIDER accounts associated with Hepert and Patulski from at least January 1, 2015, to and including March 2, 2018 (based on the records provided by PROVIDER); statements provided to Polish authorities by Hepert, Turski, and Durzalski who all indicated that Chmielewski was also actively using PROVIDER's services to modify documents related to the Hedkom scheme; and Chmielewski's own statement that others may be accessing his PROVIDER account(s);  Polish authorities suspect that Chmielewski may have used several PROVIDER accounts associated with one or more of his various e-mail addresses from, at least, January 1, 2015, to and including March 25, 2018.

**PROVIDER Accounts associated with Turski and Durzalski**

15.     The December 7, 2018 Order also sought records from PROVIDER for the Dropbox accounts associated with Turski and Durzalski associated with their e-mail addresses, jaroslawtu@gmail.com and tomasz.durzalski@gmail.com, respectively.  However, PROVIDER could not locate any responsive records associated with these particular e-mail accounts.  Based on this information, Polish authorities took further investigative steps.

16.     According to an additional statement provided by Chmielewski to Polish authorities, the PROVIDER account associated with Durzalski is, in fact, associated with the e-mail address **tomaszdurzalski@gmail.com**, rather than tomasz.durzalski@gmail.com.[3]

17.     Polish authorities also determined that Turski also owns the e-mail address **jarektu@gazeta.pl**.  Thus, based on Hepert's statement that the members of the Hedkom Group,

---

[3] According to open source information, an added or missing "period" in a Google e-mail account has no effect when logging into an account hosted by Google LLC.  In other words, "Joe.Smith@gmail.com" is functionally the same as "JoeSmith@gmail.com" when logging into an account hosted by Google LLC.  However, the undersigned confirmed with PROVIDER that an inadvertently added or missing period in an e-mail account would be considered as a different account by PROVIDER.

including Turski, used PROVIDER's services to store many of the documents related to the fraud scheme, and the fact that no records could be located by PROVIDER associated with Turski's e-mail account jaroslawtu@gmail.com, Polish authorities believe that Turski may have used PROVIDER's services using his e-mail account **jarektu@gazeta.pl.**

18. Similarly to Hepert, Durzalski and Turski are also not in pretrial detention. Thus, Polish authorities believe they have had the ability to modify their PROVIDER accounts associated with their respective e-mail accounts from, at least, January 1, 2015 to at least March 25, 2018.

19. The Dropbox accounts associated with the e-mail accounts **chmielem@wp.pl, michal.chmielewski@hedkom.pl, mchmielem@gmail.com, me@chmielu.eu, mechmielu@icloud.com, michal@s-pro.com.pl, tomaszdurzalski@gmail.com,** and **jarektu@gazeta.pl** are hosted by PROVIDER.

20. Polish authorities seek records from PROVIDER in order to further determine the nature and scope of the suspects' criminal activities as well as to verify the various statements made by the suspects.

### REQUEST FOR ORDER

21. The facts set forth above show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help authorities in Poland identify and locate the individual(s) who are responsible for the criminal activity under investigation, and to determine the nature and scope of that criminal activity. Accordingly, the

9

United States requests that PROVIDER be directed to produce all items described in Part II of Attachment A to the proposed Order within ten days of receipt of the Order.

        Respectfully submitted,

        VAUGHN A. ARY
        DIRECTOR
        OFFICE OF INTERNATIONAL AFFAIRS
        OK Bar Number 12199

By: _____
        Martyna Pospieszalska
        Trial Attorney
        NY Bar Number 5018528
        Office of International Affairs
        Criminal Division, Department of Justice
        1301 New York Avenue, N.W., Suite 800
        Washington, D.C.  20530
        (202) 598-8012 telephone
        (202) 514-0080 facsimile
        Martyna.Pospieszalska@usdoj.gov

**Relevant Provisions of the Polish Criminal Code**

**Article 258**
**Section 1**
Whoever participates in an organized group or association whose purpose is to commit a crime or a fiscal crime, shall be liable to imprisonment for a term of between 3 months and 5 years.

**Article 284**
**Section 2**
Anyone who appropriates movable property entrusted to him or her shall be subject to the penalty of imprisonment for a term of between 3 months and 5 years.

**Article 296**
**Section 1**
Anyone who, while being obliged under a legal provision, a decision of an appropriate authority or a contract to manage the property or business of a natural person, a legal person or an organizational unit without legal personality, by abusing the authority vested in him or her, or failing to fulfil his or her obligations, inflicts substantial property damage on such a natural person, a legal person or an organization unit without legal personality, shall be liable to imprisonment for the period of 3 months to 5 years.

…

**Section 3**
If the perpetrator of a crime specified in Section 1 or 2 causes large-scale property damage, the perpetrator shall be liable to imprisonment for a period of 1 to 10 years.

**Article 299**
**Section 1**
Whoever accepts, possess, uses, transfers or transports abroad, hides, transfers or converts, assists in the transfer of title or possession of means of payment, financial instruments, securities, foreign exchange values, property rights or other moveable or real property obtained from proceeds of prohibited acts, or takes other actions which may prevent or make it significantly more difficult to determine their criminal origin or place of deposition, their detection, seizure or declaration of their forfeiture, shall be liable to the penalty of imprisonment of 6 months up to 8 years.